JUSTICE RICE,
dissenting.
¶46 This administrative appeal challenges MPERB’s implementation of David’s 2006 beneficiary designation and refusal to reverse that action, which Erene argues was an “erroneous decision.” However, Erene has established no legal error on the part of MPERB.
¶47 MPERB properly acted pursuant to its contractual, statutory, and constitutional obligations to honor the beneficiary request made to it by David in 2006. See § 19-2-502, MCA; Mont. Const, art. VIII, § 15. The Court nonetheless reverses MPERB’s actions and faults MPERB for failing to seek a declaratory judgment to resolve “any uncertainties in [its] legal obligations.” Opinion, ¶ 37. The Court attempts, but fails to correctly identify, any legal error committed by MPERB, and acknowledges, as it must, that MPERB was not subject to the temporary restraining order (TRO). Clearly, there were no uncertainties in MPERB’s obligations, but more, it was not MPERB’s duty to resolve any uncertainties that Erene may have perceived.
¶48 As the Court notes, the TRO, by its own express terms, was directed to, and applied to, David and Erene only (“Respondent and Petitioner are hereby restrained from ....”). The TRO was not directed to any third parties, here, MPERB. This is consistent with statute. Section 40-4-121(3), MCA, provides that a domestic TRO restrains *163 “both parties” from acting to transfer their assets. Likewise, § 27-19-105, MCA, governing the scope of injunctions and restraining orders, provides that a restraining order shall “be binding only upon the parties to the action; their officers, agents, employees, and attorneys; and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.” (Emphasis added.) Although MPERB had not received notice of the TRO when it acted, thus excluding it from the TRO’s reach, that is not the important point. Critically, under the statute, MPERB was not a “person” acting in concert or participation with David. Section 27-19-105, MCA. Rather, MPERB was a government agency acting pursuant to its legal obligations and authority. While David was bound by the TRO, MPERB was not. Rather, it was bound to follow the law governing the agency.
¶49 Fundamentally, and consistent with our statutes above cited, “[cjourts are without jurisdiction to enjoin administrative agencies from performing the duties delegated to them by proper statute or authority.” 42 Am. Jur. 2d Injunctions § 156 (2010). Instead, an injunction or restraining order “is an appropriate remedy to prevent wrongful acts by a public official who is acting without lawful authority and beyond the scope of his or her official power ....” 42 Am. Jur. 2d Injunctions § 156 (emphasis added). MPERB was unquestionably acting within its lawful authority to meet its clear legal obligations to David, and in so doing, was not subject to the TRO. MPERB was faced with no “uncertainties” in its legal obligations which compelled it to seek a declaratory judgment, as the Court declares. Opinion, ¶ 37. There being nothing legally improper about MPERB’s actions, Erene’s administrative appeal of that action should be rejected.
¶50 The Court seeks to evade these principles by declaring whether “MPERB was bound by the terms of the restraining order is not the issue,” Opinion, ¶ 32, but the Court is mistaken. The premise of Erene’s challenge is that MPERB erred in failing to reverse its actions when presented with the TRO. The TRO is the only order which MPERB is alleged to have violated. If MPERB complied with governing law in changing the beneficiary, and was not subject to the TRO, its decision is not subject to reversal in this administrative proceeding.
¶51 The Court acknowledges that the legal error here-changing beneficiaries in violation of the TRO-was committed by David. Opinion, ¶ 34. However, realizing that David’s error cannot serve as a basis to reverse MPERB’s actions in this administrative appeal, the *164 Court attempts to manufacture error on the part of MPERB. The Court reasons that MPERB’s reversible error occurred when it found that § 40-4-121(3), MCA, was “inapplicable as a matter of law” to an SRS account. Opinion, ¶ 36. However, even assuming arguendo that MPERB so erred, such an error in statutory interpretation still would not subject MPERB to the TRO, and therefore does not establish that MPERB committed reversible error for purposes of this administrative proceeding. An error in interpretation does not necessarily equate to an error in action, and here MPERB clearly acted properly by complying with its governing authority. Again, the TRO was directed to the parties, not MPERB. MPERB was obligated to comply with its governing authority until and unless it received a proper legal directive to do otherwise. MPERB acknowledges it is subject to family law orders affecting retirement plans entered pursuant to § 19-2-907, MCA, which the Legislature specifically enacted to authorize courts to recognize and modify retirement plans within domestic proceedings, following our decision to the contrary in Neuhausen. However, such an order was apparently never pursued, and Erene could not turn this administrative appeal into a declaratory judgment action to challenge the validity of David’s actions during the dissolution proceeding. This administrative appeal could only determine whether the agency properly acted under its governing authority, and I would conclude it clearly did so. It should not be this Court’s business to rectify a perceived injustice in disregard to established statutory procedures. ¶52 If Erene believed that David’s actions had violated the TRO and had created uncertainty, it was incumbent upon her to initiate a declaratory judgment action or seek judicial relief from the dissolution court which had issued the TRO. While I take no position on the merits, a claim that David had violated the TRO would arguably have remained justiciable even after his death. While the dissolution court may well have lost jurisdiction to distribute the marital estate, the question would be whether a death barred the court from addressing a prior and undisclosed violation of a restraining order which had prejudiced a party. Such a question was arguably “one upon which a court’s judgment will effectively operate.” Progressive Direct Ins. Co. v. Stuivenga, 2012 MT 75, ¶ 16, 364 Mont. 390, 276 P.3d 867. Assuming the court determined the TRO had been violated, concrete relief was possible. However, the District Court reviewing MPERB’s actions in this administrative appeal clearly had no authority to address that violation.
¶53 I would affirm the District Court.